UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EDWARD SMITH                                                                  CIVIL ACTION

VERSUS

WOMANS HOSPITAL, ET AL.                          No. 14-500-BAJ-RLB

## RULING AND ORDER

Before the Court are a **Motion to Set Aside Default (Doc. 13)** and a **Motion to Dismiss for Insufficient Service of Process (Doc. 17)**, filed by Defendant G4S Secure Solutions ("G4S"). These motions seek to set aside a Clerk's entry of default against G4S, and to dismiss Plaintiff Edward Smith's action under Federal Rule of Civil Procedure ("Rule") 12(b)(5) for insufficient service of process.[1] Smith has opposed both of G4S's motions. (Docs. 14, 19). Oral argument on the motions is not necessary. Jurisdiction is proper pursuant to 28 U.S.C. § 1331. For the reasons stated below, G4S's **Motion to Set Aside Default (Doc. 13)** is **GRANTED**, and its **Motion to Dismiss for Insufficient Service of Process (Doc. 17)** is **DENIED**.

I.    BACKGROUND

   A.    Smith's Allegations and G4S's Response

Smith is an African-American male and former security officer with G4S, where he was tasked with providing security services at Womans Hospital from

---

[1] G4S does not expressly reference Rule 12(b)(5) in its motion. However, given the substance of the motion and the action's procedural posture, the Court will treat this motion as if it were filed under Rule 12(b)(5).

1

2002 until he was terminated in December 2012.[2] (Doc. 1 at p. 4–5). Smith contends that G4S refused to rehire and promote him after terminating him, despite his qualifications, because of considerations related to his race and in retaliation for a charge he previously filed with the Equal Employment Opportunity Commission. (*Id.*). Smith alleges federal causes of action under Title VII of the Civil Rights Act of 1964, including race discrimination[3] and retaliation, and violations of his right to equal protection. (*Id.* at p. 4–5, 6). Additionally, Smith alleges supplemental state claims including humiliation and embarrassment, loss of income, damage to reputation, and past and future intentional infliction of emotional and mental distress. (*Id.* at p. 6). He seeks damages in a total amount of $1,000,975,000. (*Id.*).

B.  **Procedural History**

Smith filed this action against G4S and its codefendant, Womans Hospital, on August 12, 2014. (Doc. 1). Summons for both defendants were issued to Smith on September 24, 2014 (Doc. 8), but no proof of service affidavits were filed.[4] On October 28, 2014, Smith filed a Motion and Order for Default stating that G4S was "served with process on September 26, 2014" and had not filed an Answer. (Doc. 11 at p. 1). The Clerk of Court entered a default against G4S on October 29, 2014. (Doc. 12). G4S filed the Motion to Set Aside Default *sub judice* on November 3,

---

[2] Smith began his employment as a security officer with Wackenhut Security Company at Womans Hospital. (Doc. 1 at p. 4). However, in or around 2002, Wackenhut Corporation sold its contract to G4S, who continued to provide security services at the hospital. (*Id.*).

[3] Smith does not expressly use the term "race discrimination" in his Complaint, but the term reflects the substance of his allegations.

[4] Defendant Womans Hospital filed an Answer in this action on October 10, 2014. (Doc. 9).

2

2014 (Doc. 13); Smith filed his Opposition to the motion on November 17, 2014 (Doc. 14). G4S then filed the Motion to Dismiss for Insufficient Service of Process under review here on January 21, 2015 (Doc. 17); Smith filed his Opposition on January 28, 2015 (Doc. 19).

## II. STANDARD OF REVIEW

### A. Motion to Dismiss for Insufficient Service of Process

Under Rule 4, a plaintiff is responsible for serving the defendant with a complaint and summons. Fed. R. Civ. P. 4(c)(1). The Rule further provides that a court must either dismiss the action against a defendant without prejudice, or order that service be made within a specified time, if the defendant is not served within 120 days after the complaint is filed. Fed. R. Civ. P. 4(m).

"A defendant has no obligation to appear in court or defend an action *before* it is formally served with process directing it to appear before that forum." *Thompson v. Deutsche Bank Nat. Trust Co.*, 775 F.3d 298, 303 (5th Cir. 2014). Proper service is critical because "[i]t is axiomatic that in order for there to be in personam jurisdiction there must be valid service of process." *Attwell v. LaSalle Nat. Bank*, 607 F.2d 1157, 1159 (5th Cir. 1979). Indeed, "[a] court which lacks personal jurisdiction over a defendant cannot enter a valid judgment against that defendant." *Trust Co. of La. v. N.N.P. Inc.*, 104 F.3d 1478, 1486 (5th Cir. 1997) (quoting *Broadcast Music, Inc. v. M.T.S. Enters.*, 811 F.2d 278, 281 (5th Cir. 1987)). If a plaintiff fails to properly effectuate service, the defendant may seek to dismiss

3

the plaintiff's complaint under Rule 12(b)(5). *See* Fed. R. Civ. P. 12(b)(5) (authorizing a court to dismiss a civil action when service of process is inadequate).

B. **Motion to Set Aside Clerk's Entry of Default**

The service of summons or lawful process triggers the duty to respond to a complaint. *Fagan v. Lawrence Nathan Assocs.*, 967 F.Supp.2d 784, 795 (E.D. La. 2013) (citing *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999)). Under Rule 55, failure to respond may result in the entry of a default or a default judgment. *Id.* Default judgments are "generally disfavored in the law" in favor of a trial upon the merits. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (quoting *Mason & Hanger-Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984)). However, Rule 55 does provide, in pertinent part, that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The Court may set aside an entry of default upon a finding of "good cause." Fed. R. Civ. P. 55(c).

III. **ANALYSIS**

A. **Motion to Dismiss for Insufficient Service of Process**

The Court must first determine whether Smith's service of process on G4S was insufficient. (Doc. 17). G4S contends that the 120 days Smith was allowed to effect proper service under Rule 4(m) ended on December 14, 2014, and that G4S has not yet been properly served. (*Id.* at ¶ 7). Therefore, G4S argues, "the court 'must' dismiss the action without prejudice or order that service be made within a

specified time." (*Id.* at ¶¶ 7–8). G4S further avers that the Court should not provide Smith additional time to effect proper service because G4S "provided specific information on how to effectuate proper service" in its November 3, 2014 Motion to Set Aside Default (Doc. 13), but Smith has still declined to serve G4S properly. (Doc. 17 at ¶¶ 5–6). Smith counters that his original service on G4S was proper under Rule 4(h)(1) in that, on September 26, 2014, FedEx delivered a copy of Smith's summons and complaint to the same address as was proper for a 2006 action Smith filed against G4S's corporate predecessor. (Docs. 19, 19-1). Smith further asserts that FedEx left the delivery with a receptionist at this address, who Smith argues "is a general agent for the corporation as stated in Fed. R. Cir. [sic] P. 4(h)(1)," and that one of G4S's employees signed for the delivery. (Doc. 19).

"A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process." *Holly v. Metro. Transit Auth.*, 213 F. App'x 343, 344 (5th Cir. 2007) (unpublished, but persuasive). The burden of demonstrating the validity of service when an objection is made lies with the party making service. *Id.* (citing *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir.1992)). Rule 4(h)(1) provides that a plaintiff can serve a domestic corporation in one of two ways. Under the first option, the plaintiff may use the manner prescribed by the laws of the state of the corporation's judicial district for service of an individual in an action brought in the state's courts of general jurisdiction. Fed. R. Civ. P. 4(h)(1)(A). Under the second option, the plaintiff may "deliver[] a copy of the summons and of the complaint to an officer, a managing or general agent, or any

other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires . . . also mail[] a copy of each to the defendant."[5] Fed. R. Civ. P. 4(h)(1)(B). "An agent must have actual authorization from the entity sought to be served." *Fyfee v. Bumbo Ltd.*, No. CIV.A. H-09-0301, 2009 WL 2996885, at *2 (S.D. Tex. Sept. 16, 2009) (citing *O'Meara v. New Orleans Legal Assistance Corp.*, No. 90-4893, 1991 WL 110401, at *3 (E.D. La. June 10, 1991)). "Apparent authority" is insufficient. *O'Meara*, 1991 WL 110401, at *3.

Smith's argument that he properly effected service in this action via FedEx delivery of the summons and Complaint to an unnamed employee at the address of G4S's corporate predecessor is insufficient. Smith has neither named the employee who received the FedEx delivery, nor made any showing that the employee was G4S's authorized agent. In addition, G4S has demonstrated that its registered agent and the registered agent's address are different from that used by Smith.[6] (Doc. 13-2). As such, Smith's service of process was deficient. *See Dobbins v. Kroger Co.*, No. 3:08-CV-1206-N, 2009 WL 2776665, at *1 (N.D. Tex. Aug. 31, 2009) (finding

---

[5] The Louisiana Code of Civil Procedure provides that "[s]ervice of citation or other process on a domestic or foreign corporation is made by personal service on any one of its agents for service of process." La. Code Civ. Proc. art. 1261. Smith does not assert that he personally served anyone associated with G4S, so the Court focuses its analysis on Rule 4(h)(1)(B) instead of Rule 4(h)(1)(A).

[6] G4S supports its Motion to Set Aside Default with a copy of documentation on file with the Louisiana Secretary of State stating that its registered agent is the Prentice-Hall Corporation System, Inc., located at 320 Somerulos Street in Baton Rouge, Louisiana. (Doc. 13-1 at p. 1; 13-2 at p. 2). Smith states that he forwarded the summons and a copy of the Complaint to G4S "at its principal place of business at 2900 Westfolk Avenue, Baton Rouge, Louisiana," and that it "was received and signed for by one of its employees." (Doc. 19). Smith also attaches a FedEx proof of delivery information print-out in support of his Opposition to G4S's motion to set aside the default. (Doc. 14-1). The proof of delivery print-out states that the package was delivered on September 26, 2014 to G4S at 2900 Westfork [sic] Drive, and signed for by one T. Shown. (*Id.*).

that the defendant was not properly served because "[p]laintiff has made no showing that the receptionist . . . was a registered agent for service of process or that she was otherwise authorized to accept service on behalf of [defendant].")

However, notwithstanding the importance of proper service, the U.S. Court of Appeals for the Fifth Circuit has held that "the district court enjoys a broad discretion in determining whether to dismiss an action for ineffective service of process." *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986); *see also Kreimerman v. Casa Verrkaml, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994) (concluding that the district court did not abuse its discretion in refusing to extend time to effect service). When a court finds that service is insufficient, but the insufficiency is curable, "it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant." *Albo v. Suzuki Motor Corp.*, No. 3:08-0139-KC, 2008 WL 2783508, at *1 (W.D. Tex. July 2, 2008) (quoting *Rhodes v. Sauer & Sohn, Inc.*, 98 F. Supp. 2d 746, 750 (W.D. La. Apr. 4, 2000)). Ultimately, however, whether to dismiss an action or quash and allow for service to be re-attempted remains within the broad discretion of the district court. *See George*, 788 F.2d at 1116. *See, e.g., Richard v. City of Port Barre*, No. 6:14-CV-02427, 2015 WL 566896, *1-3 (W.D. La. Jan. 20, 2015) (affording plaintiffs, who did not effectuate proper service under Louisiana law, twenty-one days to properly effectuate service on defendants). In this instance, the Court finds that Smith should be allowed to re-attempt service.

B.  Motion to Set Aside Clerk's Entry of Default

The second issue the Court must consider is whether there is good cause to set aside the entry of default. (Doc. 13). "When a district court lacks jurisdiction over a defendant because of improper service of process, the default judgment is void and must be set aside under Federal Rule of Civil Procedure 60(b)(4)." *Rogers*, 167 F.3d at 940. Courts apply essentially the same standard to both motions to set aside a default under Rule 55(c) and motions to set aside a judgment by default under Rule 60(b). *In re OCA, Inc.*, 551 F.3d 359, 370 (5th Cir. 2008). In addition, motions to set aside a default are more readily granted than motions to set aside a default judgment. *Id.* As such, given Smith's insufficient service of process on G4S, and the Court's consequent lack of personal jurisdiction over G4S, the Court will set aside the entry of default.

Accordingly,

**IT IS ORDERED** that G4S Secure Solutions' **Motion to Dismiss for Insufficient Service of Process (Doc. 17) is DENIED.**

**IT IS FURTHER ORDERED** that the improper service be **QUASHED**, and that Smith properly serve G4S Secure Solutions within fourteen (14) days from entry of this Order. Failure to effectuate proper service may result in the dismissal of the above-captioned matter.

**IT IS FURTHER ORDERED** that G4S Secure Solutions' **Motion to Set**

Aside Default (Doc. 13) is **GRANTED**.

Baton Rouge, Louisiana, this _14th_ day of May, 2015.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA