# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**EDWARD SMITH**                                                         **CIVIL ACTION**

**VERSUS**

**WOMANS HOSPITAL, ET AL.**                          **NO.: 14-00500-BAJ-RLB**

## AMENDED[1] RULING AND ORDER

Before the Court are motions for summary judgment filed by Defendants Woman's Hospital (Doc. 32) and G4 Secure Solutions ("G4S") (Docs. 37, 45) (collectively, "Defendants"). *Pro se* Plaintiff Edward Smith ("Plaintiff") has filed memoranda in opposition (Docs. 40, 43), to which Defendants have replied, (Docs. 44, 46). Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1367. For the reasons explained herein, both motions are **GRANTED**.

## I.    BACKGROUND

G4S provides security products and services to various companies throughout Baton Rouge, Louisiana. (Doc. 37-1 at ¶ 1). Woman's Hospital is one of G4S's clients. (*Id.* at ¶ 2). Plaintiff is one of G4S's employees. (Doc. 32-1 at ¶ 9).

When, in 2012, Woman's Hospital moved to a new facility, it decided to upgrade its security force from Traditional Security Officers ("TSO") to Custom Protection Officers ("CPO"). (*Id.* at ¶¶ 8—9). Plaintiff was, at the time, working at what is now the old Woman's Hospital as a TSO. (*See* Doc. 32-1 at ¶¶ 9, 17). He therefore sought

_____

[1] *See infra* p. 8 n.5.

1

to be promoted to CPO, (*see* Doc. 32-5 at p. 85), so as to continue to working at Woman's Hospital's new facility. That request, however, was denied. (*See* Doc. 32-5 at p. 85).

Plaintiff now alleges that the fact that he was not promoted violates Title VII's discrimination and retaliation provisions, 42 U.S.C. § 2000e-2(a), 2000e-3(a), as well as the Fourteenth Amendment to the United States Constitution, U.S. CONST. amend. XIV, § 1. (*See* Doc. 1). Plaintiff brings all of the aforementioned claims against Woman's Hospital and his employer, G4S. (*Id.*).

## II.   LEGAL STANDARD

Pursuant to the Federal Rules of Civil Procedure, "[t]he [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant is entitled to summary judgment, the Court views the facts in the light most favorable to the non-movant and draws all reasonable inferences in the non-movant's favor. *Coleman v. Houston Independent School Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). At this stage, the Court does not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991), *cert. denied*, 502 U.S. 1059 (1992). However, if the evidence in the record is such that a reasonable

2

jury, drawing all inferences in favor of the non-moving party, could arrive at a verdict in that party's favor, the motion for summary judgment must be denied. *Int'l Shortstop, Inc.*, 939 F.2d at 1263.

On the other hand, the non-movant's burden is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). In other words, summary judgment will lie only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits if any, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Sherman v. Hallbauer*, 455 F.2d 1236, 1241 (5th Cir. 1972)

## III.  DISCUSSION

### A.    Woman's Hospital

Initially, the Court finds that Woman's Hospital was not Plaintiff's "employer and therefore cannot be liable under Title VII." *Dupre v. Lifecare Hosps. of New Orleans*, 265 F.3d 1058 (5th Cir. 2001). Woman's Hospital "did not hire, fire, supervise, or set [Plaintiff's] schedule[] . . . ." *Fields v. Hallsville Indep. Sch. Dist.*, 906 F.2d 1017, 1020 (5th Cir. 1990). Plaintiff was, at all times relevant to this Ruling and Order, merely an employee of G4S. (*See* Doc. 32-5 at pp. 20—21, 34—35, 49—50).

3

Plaintiff's assertion that "[p]ursuant to the elementary principles of agency[,] Woman's was the principal of G4S, and was therefore, connected thereto, and is liable just as if it had directly hired" him finds no basis in law or fact. (*See* Doc. 43 at p. 3).

Accordingly, Plaintiff's Title VII claims against Woman's Hospital are **DISMISSED WITH PREJUDICE** pursuant to Rule 56.

### B.    G4S

Where, as here, Plaintiff seeks to prove both of his Title VII claims by circumstantial evidence, the Court utilizes the "well-known *McDonnell Douglas* burden-shifting framework." *Stone v. Par. of E. Baton Rouge*, 329 F. App'x 542, 546 (5th Cir. 2009) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). That framework requires Plaintiff to first establish his prima facie case. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007). G4S must then articulate a legitimate, nondiscriminatory reason for the adverse employment action. *Id.* The burden then shifts back to Plaintiff to present "substantial evidence" that G4S's proffered reason is pretextual. *Id.*

### 1.    Failure to Promote

Plaintiff's first Title VII claim is a failure to promote claim.[2]  (*See* Doc. 1 at ¶¶ 4—9). That is, Plaintiff alleges that G4S refused to promote him from TSO to CPO because he is African-American. (*Id.*).

---

[2] Admittedly, Plaintiff has only implicitly characterized his first Title VII claim as one based upon G4S's failure to promote. *But see* Doc. 1 at p. 2 (wherein Plaintiff asserts that he was "discriminated in job promotion"); Doc. 40 at p. 6 ("In the instant case, this plaintiff believes he has been wronged by this defendant's failure to give him a job promotion that could have meant $3-4.00 an hour increase in pay.").

To make out his prima facie case, Plaintiff must produce evidence that: (1) he is a member of a protected class; (2) he was qualified for the position sought; (3) he was not promoted; and (4) the position that he sought was filled by someone outside of his protected class.[3] *Burrell v. Crown Cent. Petroleum, Inc.*, 255 F. Supp. 2d 591, 616 (E.D. Tex. 2003); *see also Bryan v. McKinsey & Co.*, 375 F.3d 358, 360 (5th Cir. 2004) (noting that Plaintiff's initial burden is "one of production . . . not . . . persuasion").

Plaintiff has produced evidence that he: (1) is a member of a protected class (African-American), (2) was qualified to serve as a CPO,[4] and (3) was not promoted. He has not, however, produced any evidence that the CPO position he sought was filled by someone outside of his protected class. The fact that "two white persons" were allowed to transfer to the new Woman's Hospital *as TSOs* has nothing to do with the *CPO* position that Plaintiff sought. (*See* Doc. 40 at p. 5) (emphasis added); *see also Grimes v. Texas Dep't of Mental Health & Mental Retardation*, 102 F.3d 137,

[3] G4S asserts that in order "[t]o establish a prima facie case of discrimination, plaintiff must prove that: (1) he is a member of a protected group; (2) he suffered an adverse employment action; (3) his job performance at the time of the adverse action or discharge met his employer's legitimate expectations; and (4) the circumstances of the adverse action or discharge raise a reasonable inference of unlawful discrimination." *See* Doc. 37-2 at p. 4 (internal quotations omitted). However, there is no universal test for discrimination. The Court's analysis inevitably depends upon the statute under which the claim is brought.

That is why G4S's proposed discrimination test is of no use: it wrongfully conflates the first two elements of a discrimination claim brought under Title VII, *see McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007); *Hill v. Lockheed Martin Logistics Mgmt.*, 354 F.3d 277, 285 (4th Cir. 2004), with the final two elements of a wrongful discharge claim brought under the ADA, *see, e.g., Haulbrook v. Michelin N. Am.*, 252 F.3d 696, 702 (4th Cir. 2001).

[4] G4S asserts that Plaintiff "did not possess the requisite qualifications" to become a CPO. *See* Doc. 37-2 at p. 5. But a former corrections officer is qualified to serve as a CPO, *see* Doc. 37-3, and Plaintiff served as a "Corrections Sergeant" for approximately 7 years, *see* Doc. 37-7. Graduating from the police academy, *see* Doc. 37-2 at p. 6, is merely one of the ways to qualify as a CPO, *see* Doc. 37-3.

139 (5th Cir. 1996) (noting that "unsubstantiated assertions are not competent summary judgment evidence"). The same is true of the affidavit of Ken Kennedy, which was originally filed in *Singh v. Wackenhut Corp.*, No. CIV. A. 07-173-C, 2008 WL 4181138 (M.D. La. Sept. 10, 2008). (*See* Doc. 40-1 at pp. 1—4). It nearly goes without saying that Kennedy cannot, in 2008, attest to whether the CPO position that Plaintiff sought in 2012 was filled by someone outside of his protected class.

Accordingly, Plaintiff's Title VII failure to promote claim is **DISMISSED WITH PREJUDICE** pursuant to Rule 56.

### 2.   Retaliation

In 2006, Plaintiff filed an unrelated EEO charge and lawsuit against G4S. (*See* Doc. 1 at ¶ 10). Plaintiff now asserts that six years later, in 2012, G4S retaliated against him by refusing to promote him to CPO. (*See id.*).

To establish his prima facie case, Plaintiff must produce evidence that: (1) he participated in an activity protected by Title VII; (2) G4S took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action. *See McCoy*, 492 F.3d at 556—57. The first element is satisfied: Plaintiff's EEO charge and lawsuit are protected by Title VII. *See Haynes v. Pennzoil Co.*, 207 F.3d 296, 299 (5th Cir. 2000). The second element is also satisfied: G4S's refusal to promote constitutes an adverse employment action. *See Burger v. Cent. Apartment Mgmt.*, Inc., 168 F.3d 875, 878 (5th Cir. 1999). The third element, however, is not satisfied, as Plaintiff has failed to establish a causal connection between his 2006 EEO charge and lawsuit and G4S's 2012 refusal to

promote. *See Boutin v. Exxon Mobil Corp.*, 730 F. Supp. 2d 660, 677—78 (S.D. Tex. 2010). Plaintiff has not produced any evidence that G4S's 2012 refusal to promote "was based in part on [its] knowledge of" his 2006 EEO charge and lawsuit, *see id.* at 677 (quoting *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 684 (5th Cir. 2001)), and the Court cannot infer retaliation where, as here, there is an approximately six-year gap between Plaintiff's 2006 EEO charge and lawsuit and G4S's 2012 refusal to promote, *see id.* at 677—78 (citing cases which, *inter alia*, hold that where there is a five-month gap, the court should not infer retaliation). The Court therefore must conclude that the events of 2006 and 2012 are "wholly unrelated." *Medina*, 238 F.3d at 684 (quoting *Simmons v. Camden County Bd. of Educ.*, 757 F.2d 1187, 1189 (11th Cir. 1985)).

Accordingly, Plaintiff's Title VII retaliation claim is **DISMISSED WITH PREJUDICE** pursuant to Rule 56.

3.    Equal Protection

In his complaint, Plaintiff vaguely references a "violation of right to equal protection." (*See* Doc. 1 at ¶¶ 11—13). However, "the principle that private action is immune from the restrictions of the Fourteenth Amendment is well established . . . ." *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974).

Accordingly, Plaintiff's equal protection claims are **DISMISSED WITH PREJUDICE** pursuant to Rule 56.

4. Attorney's Fees

Finally, both Woman's Hospital and G4S seek attorney's fees[5] pursuant to 42 U.S.C. § 2000e-5(k). (*See* Doc. 32-2 at pp. 14—16); (*See* Doc. 37-2 at pp. 9—10). In doing so, they allege that Plaintiff's Complaint was "frivolous, unreasonable, or without foundation" at inception. *See Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 421 (1978); *see also Walker v. City of Bogalusa*, 168 F.3d 237, 240 (5th Cir. 1999).

Ultimately, the Court concludes that only Woman's Hospital is entitled to attorney's fees. Woman's Hospital was not Plaintiff's "employer and therefore could not be sued . . . under Title VII. That fact was obvious from the outset," *Provensal v. Gaspard*, 524 F. App'x 974, 977 (5th Cir. 2013), and Plaintiff knew as much prior to filing suit, (*see* Doc. 32-5 at p. 79).

G4S asserts that Plaintiff is litigious. (*See* Doc. 37-2 at pp. 9—10). With that, the Court certainly agrees. *See Smith v. Cassidy*, No. CIV.A. 14-647-SDD, 2015 WL 803145 (M.D. La. Feb. 25, 2015); *Smith v. U.S. Fed. Gov't*, No. CIV.A. 09-478-C, 2009 WL 2578908 (M.D. La. Aug. 20, 2009), *aff'd*, 362 F. App'x 394 (5th Cir. 2010); *Smith v. Wackenhut Corp.*, No. CIVA 06-919-JVP-SCR, 2008 WL 3876886 (M.D. La. Aug. 19, 2008); *Smith v. Shell Chem. Co.*, 333 F. Supp. 2d 579 (M.D. La. 2004), *perm. app. denied, Smith v. Am. Arbitration Ass'n, Inc.*, 166 F. App'x 109 (5th Cir.) (sanctions

---

[5] The Court's original Ruling and Order stated that "both Woman's Hospital and G4S seek attorney's fees and costs pursuant to 42 U.S.C. § 2000e-5(k)." Doc. 47 at p. 8. A prevailing party's costs, however, are governed by Rule 54(d)(1). 42 U.S.C. § 2000e-5(k) merely allows the Court to award attorney's fee "as part of the costs" incurred. This Amended Ruling and Order should therefore clarify that G4S's current Notice of Application to Tax Costs, Doc. 50, is not in any way barred by the Court's holding that only Woman's Hospital is entitled to attorney's fees pursuant to 42 U.S.C. § 2000e-5(k).

8

warning issued), *cert. denied*, 549 U.S. 814, *and petition for reh'g denied*, 549 U.S. 1084 (2006). However, the Court finds that G4S has failed to establish frivolity. *See Dean v. Riser*, 240 F.3d 505, 512 (5th Cir. 2001) (noting the burden rests with the party seeking fees). Moreover, even if one were to construe Plaintiff's claims against G4S as frivolous, the Court would not, in its discretion, award attorney's fees where, as here, G4S: (1) misstated the final two elements of Plaintiff's failure to promote claim, *see supra* p. 5 n.2, and (2) failed to cite any Fifth Circuit case law warranting the dismissal of Plaintiff's retaliation claim, (*see* Doc. 37-2 at p. 8 n.43—45).

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that **Defendant Woman's Hospital's Motion for Summary Judgment (Doc. 32)** is **GRANTED**.

**IT IS FURTHER ORDERED** that **Defendant G4S Secure Solutions' Motion for Summary Judgment (Doc. 37)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Title VII discrimination claim, Plaintiff's Title VII retaliation claim, and Plaintiff's equal protection claim[6] are **DISMISSED WITH PREJUDICE** pursuant to Rule 56.

**IT IS FURTHER ORDERED** that Woman's Hospital shall, within 21 days of this Court's original Ruling and Order (Doc. 47), file with the Court a memorandum documenting all attorney's fees for which it seeks to be reimbursed.[7]

Baton Rouge, Louisiana, this __6th__ day of May, 2016.

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[6] To the extent that Plaintiff's Complaint raises any state law claims, the Court declines to exercise jurisdiction over them pursuant to 28 U.S.C. § 1367(c)(3). *See* Doc. 1 at ¶¶ 14—15.

[7] Billing entries shall be detailed, and affidavits shall justify each lawyer's proposed rate in light of those charged by lawyers of "reasonably comparable skill, experience and reputation" in the Middle District of Louisiana. *See McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011).