UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EDWARD SMITH                                                    CIVIL ACTION

VERSUS

WOMANS HOSPITAL, ET AL.                        NO.: 14-00500-BAJ-RLB

RULING AND ORDER

Before the Court is the **Motion/Notice of Defendant Woman's Hospital's Memorandum to Fix Attorney's Fees (Doc. 52)**. Defendant Woman's Hospital, pursuant to the Court's order, submitted a memorandum detailing its fees and expenses, and amended the request. (Docs. 52, 58). Plaintiff filed a response. (Doc. 55). For reasons explained herein, Defendant's motion is **GRANTED**.

I. BACKGROUND

On April 21, 2016 the Court granted Defendant Woman's Hospital's Motion for Summary Judgment and advised Defendant to file a separate memorandum detailing attorneys' fees and costs. (Docs. 47, 51). The history of this litigation was documented in this Court's ruling granting summary judgment and will not be repeated here except to the extent necessary to address the present motion.

Prior to the suit, Plaintiff was employed by a private security firm named G4 Secure Solutions, who assigned Plaintiff to guarding the old Woman's Hospital building. (Doc. 51 at pp. 1-2). After Plaintiff was not moved to the new Woman's Hospital building, he alleged that the decision not move him to the new building was

1

racially motivated, and brought suit against both G4 Secure Solutions and Woman's Hospital. (*Id.* at 2). However, as the Court recognized in its order granting summary judgment, Woman's Hospital was not Plaintiff's employer and therefore could not be held liable under Title VII. (*Id.* at 3). The Court previously recognized that Plaintiff's attempts to hold Woman's Hospital liable "finds no basis in law or fact." (*Id.* at 4).[1] Accordingly, the Court dismissed the action against Woman's Hospital, and ordered it to file a memorandum detailing its attorneys' fees. (*Id.* at 10).

In the instant motion, Woman's Health has submitted its records, seeking an order fixing attorneys' fees in the amount of $44,526.00.[2] (Doc. 58). Defendant asserts that it is entitled to recover this amount based on the work performed, and because the Plaintiff's suit was frivolous.

## II.  DISCUSSION

The Title VII fee-shifting Statute authorizes an award to a prevailing defendant. *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 421 (1978). This requires more than merely showing that a defendant is a prevailing party, and instead, the defendant must demonstrate that the lawsuit was frivolous. *Id.* The Court recognized in its motion for summary judgment, and re-urges here, that Plaintiff's suit against Woman's Hospital was frivolous, and without

---

[1] Nor is this Plaintiff's first lawsuit, "[i]ndeed, Smith testified that he has filed 'quite a few' lawsuits, and that he has filed a discrimination complaint against every employer that he ever had save one." (Doc. 32-2 at p. 14).

[2] Defendant also requested that a bill of costs be entered. (*See* Doc. 58). Since the Clerk of Court has already entered the Costs Taxed in amount of $1,080.60 against Plaintiff (Doc. 66), only the attorneys' fees are the subject of this order.

2

legal merit. (*See* Doc. 51 at p. 4). Accordingly, it is appropriate that attorneys' fees be awarded to Defendant Woman's Hospital.

The U.S. Court of Appeals for the Fifth Circuit utilizes the "lodestar" method for the calculation of attorneys' fees:

> A lodestar is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work. After making this calculation, the district court may decrease or enhance the lodestar based on the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).

*Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999) (internal citations omitted). The *Johnson* factors, in turn, are:

> (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases.

*Id.* at 1043 n.5.

Throughout this litigation, Defendant Woman's Hospital has been represented by The Kullman Firm. The Court has reviewed the hourly rates and the time spent by each member of the firm defending its client and finds the requested fee to be reasonable in light of the circumstances surrounding this litigation. Accordingly, the

Court finds that the proper sum to be awarded for attorneys' fees in this matter is $44,526.00.[3]

The arguments raised by Plaintiff are unpersuasive and without merit.[4] Nonetheless, the Court finds a lodestar enhancement inappropriate for this case.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **the Motion/Notice of Defendant Woman's Hospital's Memorandum to Fix Attorney's Fees (Doc. 52) is GRANTED**

**IT IS FURTHER ORDERED** that Plaintiff shall pay to Defendant Woman's Hospital the sum of $44,526.00 as an award for attorneys' fees.

Baton Rouge, Louisiana, this 31st day of January, 2017.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[3] Using the billing rates provided by Defendant for The Kullman Firm members, which the Court finds to be reasonable, the proper calculation of attorneys' fees is as follows:

| Firm Member | Time and Rate | Total |
| --- | --- | --- |
| Charles H. Hollis | 118.7 hours at $315 - 335/hour | $37,390.50 - 39,764.50 |
| Heather F. Crow | 29.1 hours at $205 - 215/hour | $5,965.50 - 6,256.50 |
| Robert A. Silverstein | 1.5 hours at $100/hour | $150.00 |
| | **GRAND TOTAL** | $43,506 - 46,171 |

[4] Plaintiff advocates in his response that summary judgment was inappropriate and attained by fraud, and thus, the Court's order should be withdrawn. (Doc. 55 at p. 2, 5). However, raising such an argument in response to a motion for attorneys' fees is an inappropriate means to reargue his case, and the Court declines Plaintiff's request to withdraw its prior opinion.

4